# THE PEOPLE OF THE STATE OF NEW YORK, RESPOND- ENT, v. THOMAS C. PLATT, APPELLANT.

*Action in the nature of a* quo warranto — *Code of Civil Procedure, sec.* 1948 — *the attorney-general may designate the county in which the action is to be tried.*

The complaint in this action, brought by the People of the State of New York against the defendant Thomas C. Platt, alleged that the defendant had been appointed by the governor to fill a vacancy in the office of quarantine commissioner; that his appointment had been confirmed by the senate, and that the defendant thereupon entered upon, and has since held and occupied, the office, and still continues to do so, and from that date to this has acted as such officer, and still continues to do so. It then recited statutes tending to show that a person, to be eligible to the office of quarantine commissioner, ought, at the time of his appointment or during his continuance in office, or both, to be a resident of the metropolitan district, and then alleged that the defendant, all the time in ques- tion, did not reside in that district, but did reside in the county of Tioga.

It also alleged that the defendant, as such officer, ought to have subscribed and taken the oath of office before some one of certain officers named, and ought to have filed such oath in the office of the clerk of the county of New York, but instead thereof that he subscribed and took the oath before a notary public and filed it in the office of the secretary of state in Albany county.

Judgment was demanded that the defendant be adjudged guilty of usurping the office, that he has forfeited the office, that he be ousted therefrom and pay a fine of $2,000.

*Held,* that the action was in the nature of a *quo warranto,* and that the attorney- general was authorized, by section 1948 of the Code of Civil Procedure, to maintain the action in the name of the people, and to designate the county in which the action should be triable.

APPEAL from an order of the Rensselaer Special Term, denying the defendant's motion to change the place of trial from the county of Albany to the county of New York.

*Mac Farland, Boardman & Platt,* for the appellant.

*D. O'Brien,* attorney general, for the respondent.

LANDON, P. J. :

If this action is in the nature of a *quo warranto,* under section 1948, Code Civil Procedure, then the attorney general was at liberty to designate any county as the place of trial; but if it is to recover a penalty or forfeiture imposed by statute, or if it is against a public officer for an act done in virtue of his office, or for an omission to

perform a duty incident to his office, then it should be tried in the county where the cause of action or some part thereof arose. (Id., § 983.)

The complaint alleges that, on the 29th day of January, 1880, a vacancy existed in the office of quarantine commissioner, and on that day the governor nominated and appointed the defendant thereto, and the senate confirmed the nomination and appointment, and the defendant thereupon entered upon and has since held and occupied the office, and still continues to do so, and from that date to this has acted as such officer, and still continues to do so. The complaint recites the statutes tending to show that a person, to be eligible to the office of quarantine commissioner, ought, at the time of his appointment, or during his continuance in office, or both, to be a resident of the metropolitan district, and then alleges that the defendant, all the time in question, did not reside in that district, but did reside in the county of Tioga. The complaint also alleges that the defendant, as such officer, ought to have subscribed and taken the oath of office before some one of certain officers, naming them, and ought to have filed such oath in the office of the clerk of the county of New York, but instead thereof he subscribed and took the oath before a notary public and filed it in the office of the secretary of State in Albany county. Judgment is demanded that the defendant be adjudged guilty of usurping the office; that he has forfeited the office; that he be ousted therefrom and pay a fine of $2,000,

Plainly, this is not an action to recover a forfeiture, but to declare one. If the forfeiture be declared, the office will not be recovered, but will be vacated. This action to declare a forfeiture proceeds upon the theory that the defendant, being lawfully in office, by omitting to subscribe, take and file his oath of office as the law directs, forfeited his lawful right to continue to hold the office. That is to say, his valid title became a defeasible title, subject to actual termination upon the judgment of the court, declaring the forfeiture. (*Adams* v. *Tator*, 42 Hun, 384.) Here the people seek to have the forfeiture declared, but there is no party to this action who can recover the forfeiture or the office itself. To take the oath of office may be a duty incident to the office, but the failure to take it is here counted upon, not as an omission of duty, but as a

defect in title.  Nor is this a cause of action to recover a fine or penalty.  No facts are alleged, which, if proved, constitute any cause of action for the $2,000.  A state of facts is alleged, which, according to the theory of the pleader, would, if proved and adjudged to be true, authorize the court, in its discretion, and in the exercise of wholesome discipline, to impose a fine upon the defendant not exceeding $2,000.

Section 1956, Code of Civil Procedure, which authorizes the fine, declares that when the fine shall be thus imposed, it may be collected as if judgment " had been rendered in an action to recover the fine," thus instructing us that an action to recover a fine is not the same thing as the imposition of it under this section.  The complaint, it is obvious, seeks to have the defendant ousted from the office upon one or the other of three grounds : First, that because of his non-residence in the metropolitan police district he was not eligible to appointment; second, if eligible to appointment, then by not residing in that district during his incumbency, he lost his right to continue in the office ; third, because of defect in his oath of office and the filing thereof, he forfeited the office.  In the case first stated the defendant is charged to have been an usurper; in the second and third cases, the holder of office by virtue of a defective title.  In these two classes of cases the attorney general is authorized by section 1948, Code of Civil Procedure, to maintain an action in the name of the people.  The action is in the nature of a *quo warranto* . and the attorney-general could, therefore, designate the county in which the action should be triable.

The order should be affirmed, with ten dollars costs and printing disbursements.

POTTER and PARKER, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.